IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-38,411-04, WR-38,411-05, WR-38,411-06






EX PARTE HOMER LEE BROWN, Applicant






ON APPLICATIONS FOR WRITS OF HABEAS CORPUS 

FROM CAUSE NOS. 88478-A, 88476-D, AND 88477-A IN THE 147TH JUDICIAL
DISTRICT COURT OF TRAVIS COUNTY




 Per curiam.

 O R D E R


 These are applications for writs of habeas corpus which were transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant pleaded guilty to one charge of unauthorized use of a motor vehicle and two
charges of aggravated robbery, and punishment was assessed at twenty years' and twenty-five years' confinement, respectively. No direct appeal was taken.

 In these writs, Applicant alleges that he has been denied due process in the revocation
of his mandatory supervision. Applicant contends that he has been held pursuant to a pre-revocation warrant since April 23, 2003, without a revocation hearing, and that the existence
of the warrant hold is keeping him from making bond on new charges from Chambers
County. 

 The trial court has entered findings of fact or conclusions of law finding that
Applicant is entitled to a hearing, but that in order to have the revocation warrant withdrawn,
Applicant must demonstrate that the delay in holding the hearing is unreasonable under the
circumstances, and that it has prejudiced his case. The trial court is correct in that under
Section 508.2811 of the Texas Government Code, Applicant is entitled to a preliminary
hearing within "a reasonable time" to determine whether probable cause or reasonable
grounds exist to believe that he has violated the conditions of his community supervision. 
However, we believe that Applicant has made a prima facie showing that the two-year delay
is unreasonable, and that he is being prejudiced by his inability to make bond on the new
Chambers County charges. 

 Because Applicant has stated facts requiring resolution and because this Court cannot
hear evidence, it is necessary for the matter to be remanded to the trial court for resolution
of those issues. The trial court shall resolve those issues as set out in Tex. Code Crim.
Proc. art. 11.07, § 3 (d), in that it shall order affidavits, depositions, or interrogatories from
TDCJ-ID Parole Division, stating whether Applicant has received a preliminary hearing, and
if not, explaining why TDCJ believes that more than two years is a "reasonable time" under
Texas Government Code Section 508.2811. The trial court may also order a hearing to
address these questions. 

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 The trial court shall then make findings of fact as to whether Applicant is still being
held pursuant to a pre-revocation warrant. If so, the court shall make findings as to how long
Applicant has been held under the warrant, and whether he has been given a preliminary
hearing at this time. If the pre-revocation warrant is still in effect, and Applicant has not yet
been afforded a preliminary hearing, the trial court shall make specific findings as to what
the parole officials' argument is as to why two years is a "reasonable time" for purposes of
Section 508.2811 of the Texas Government Code. The trial court shall also make any further
findings of fact and conclusions of law it deems relevant and appropriate to the disposition
of the applications for writs of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294
(Tex.Crim.App. 1960), these applications for post-conviction writs of habeas corpus will be
held in abeyance pending the trial court's compliance with this order. The trial court shall
resolve the issues presented within ninety days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within one hundred and twenty days of the date of this
order. (2)


 IT IS SO ORDERED THIS THE 7TH DAY OF JUNE, 2006.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.